F I L E D
United States Court of Appeals
Tenth Circuit

APR 23 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DAVID EARL DOBY,

    Petitioner - Appellant,

v.

RICHARD MARR; ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 97-1365

(D.C. No. 97-M-1169)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

Petitioner David Earl Doby seeks a certificate of appealability to appeal the district

court's decision dismissing his 28 U.S.C. § 2254 petition for lack of subject matter

jurisdiction. Petitioner also challenges the district court's order denying his "petition to

reopen and rehear the case." We conclude Petitioner has not made a substantial showing

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore submitted without oral argument.

of the denial of a constitutional right. Therefore, we deny his request for a certificate of appealability and dismiss the appeal.

Petitioner is an inmate at the Centennial Correctional Facility in Canon City, Colorado. On June 5, 1997, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from a 1988 Colorado state court conviction. As grounds for his petition, Petitioner alleged, *inter alia*, that his trial and appellate counsel were ineffective, that the trial court had no jurisdiction over his case, that his right to a speedy trial was violated, that his rights to substantive and procedural due process were violated, and that his right to equal protection was violated. The district court referred the case to a magistrate judge who issued an order to show cause why Petitioner's request for a writ of habeas corpus should not be dismissed for failing to comply with the one-year limitation period provided for in the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2244(d)(1). After considering Petitioner's response, the magistrate recommended that the case be dismissed for lack of subject matter jurisdiction. The district court adopted the magistrate's recommendation and dismissed Petitioner's § 2254 petition. On appeal, Petitioner requests, among other things, that we grant his certificate of appealability, reverse the district court's decision, and remand the case with instructions to grant his request for a writ of habeas corpus.

We have reviewed Petitioner's application for certificate of appealability, his brief, the district court's order, and the entire record before us. We conclude Petitioner has not

demonstrated that the district court's disposition of his § 2254 petition is debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. See Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (substantial showing of denial of constitutional right shown by demonstrating that; (1) issues raised are debatable among jurists, (2) an appellate court could resolve issues differently, or (3) the questions deserve further proceedings.). Accordingly, we DENY Petitioner's motion for a certificate of appealability and DISMISS his appeal.

Entered for the Court,


Bobby R. Baldock
Circuit Judge