**UNITED STATES of America ex rel. Kenneth GARZA # B–14810, Petitioner,**

v.

**Rodney J. AHITOW, Warden, I.R.C.C., Respondent.**

No. 98 C 3202.

United States District Court, N.D. Illinois, Eastern Division.

June 5, 1998.

Kenneth Garza, pro se.

William Lloyd Browers, Illinois Attorney General's, Office Criminal Appeals Division, Chicago, IL, for Respondent.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Kenneth Garza ("Garza") initiated this 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus ("Petition") in the United States District Court for the Central District of Illinois. Because Garza's claim of constitutional deprivation stems from a murder conviction in the Circuit Court of Cook County, however, Judge Joe Billy McDade took no action on the Petition other than to enter a May 18,

1998 order transferring the case to this District Court. By random assignment the action has come to this Court's calendar. As it turns out, that trip from the Central District to this Northern District has simply provided a brief delay en route to the swift dismissal of this action, for the Petition is so plainly out of time under Section 2244(d).

Before this opinion turns to the merits, a few words should be said on a threshold matter that Judge McDade did not address pre-transfer. Garza accompanied his Petition with a completed form of Application To Proceed In Forma Pauperis ("Application") and a signed Motion for Appointment of Counsel ("Motion"). It would seem that the Application is really directed at Garza's inability to pay retained counsel, rather than any ability on his part to pay the modest $5 filing fee applicable to habeas cases. Both the certificate and the trust fund printout that form part of the Application show Garza to have a current account balance of $380.23, obviously far more than ample to cover the required fee.

Accordingly the Application is denied, but to avoid needless procedural steps in that regard this Court grants Garza leave to proceed (thus treating the Petition as currently filed). Garza is instead ordered to pay the $5 filing fee on or before June 19, 1998.

Now to the merits. Enacted on April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act, Section 2244(d)(1) has set a one-year limitation period for federal habeas challenges to state convictions, measured from the latest of four dates. In Garza's case the clearly applicable starting point is "the date on which the judgment became final by the conclusion of direct review ..." (Section 2244(d)(1)(A)). That time period is extended by tolling, however, during the pendency of "a properly filed application for State post-conviction or other collateral review ..." (Section 2244(d)(2)).

To avoid the possible constitutional infirmity of applying the Section 2244(d)(1) limitations to old convictions—for as to such convictions a literal application of the statute would cut off *any* habeas petition at all retro-

---

**1.** All further references to Title 28's provisions will simply take the form "Section—."

spectively—our Court of Appeals announced in *Lindh v. Murphy*, 96 F.3d 856, 865–66 (7th Cir.1996) (en banc) that any petition filed on or before April 23, 1997 would be timely. Although another aspect of *Lindh* was reversed by the Supreme Court (521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)), the Seventh Circuit's ruling as to timeliness remains valid.

 Here Garza's Petition ¶ 2 reflects a conviction date of January 31, 1994 and a sentencing date of March 21, 1994. Petition ¶ 9(a) through (c) say correctly that the Illinois Appellate Court affirmed the conviction on December 13, 1995 (that opinion is reported at 276 Ill.App.3d 659, 213 Ill.Dec. 334, 658 N.E.2d 1355 (1995)). Although Petition ¶ 9(c) does not disclose the date when the Illinois Supreme Court denied leave to appeal, the court record discloses that such denial (reported in table at 166 Ill.2d 545, 216 Ill.Dec. 7, 664 N.E.2d 644 (1996)) took place on April 3, 1996.

 By the literal terms of Section 2244(d)(1)(A) looked at alone, then, Garza's limitation period would otherwise have ended on April 3, 1997 (one year after the Illinois Supreme Court acted), which date *Lindh* extended to April 23, 1997. As for the potential extension of the latter date under the tolling provision of Section 2244(d)(2), Petition ¶ 11 does not give the filing date of Garza's post-conviction proceeding in the Circuit Court of Cook County, but it does list September 26, 1996 as the date of denial. At most, then, the tolling period would add 5 months and 23 days (April 3, 1996 to September 26, 1996) to the limitations period.

That then means that the outside date for Garza's federal habeas filing could have been no later than October 16, 1997 (5 months and 23 days after April 23, 1997). And that being so, Garza's April 13, 1998 filing in the Central District of Illinois was simply too late to qualify for consideration. In the words of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, "it plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court." Under that same Rule, summary dismissal is in order, and this Court therefore orders both the Petition and this action dismissed.[2]

---

**2.** That moots Garza's Motion that accompanied the Petition. It does not however excuse the

previous order that he pay the $5 filing fee.