Thomas J. **STANG,** Petitioner,

v.

Judy **SMITH,** Warden, Respondent.

No. 98–C–739.

United States District Court, E.D. Wisconsin.

Oct. 20, 1998.

Thomas J. Stang, pro se.

Assistant Atty. Gen. Mary Burke, Madison, WI, for Respondent.

### *ORDER*

ADELMAN, District Judge.

On August 21, 1998, I summarily dismissed petitioner Thomas J. Stang's habeas petition pursuant to rule 4 of the Rules Governing § 2254 Cases because I found that Stang had

missed the one-year filing deadline of 28 U.S.C. § 2244(d). Stang moves for reconsideration.

■ A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987). Stang argues that I made an error of law, asserting that the state has waived its statute of limitations defense and that he had a good reason for missing the deadline.

■ Stang raises an important point. Although the Seventh Circuit has not addressed the issue, the Third, Ninth, and Tenth Circuits all have found that the one-year period set forth in 28 U.S.C. § 2244(d) is not jurisdictional. *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616 (3d Cir.1998); *Miller v. Marr*, 141 F.3d 976 (10th Cir.), *cert. denied*, —— U.S. ——, 119 S.Ct. 210, —— L.Ed.2d —— (1998); *Calderon v. United States Dist. Court*, 128 F.3d 1283 (9th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998). All three circuits found that section 2244(d) operates like any other statute of limitations and thus is subject to equitable tolling. In the first decision on the matter, *Calderon*, Ninth Circuit Judge Kozinski is convincing on the point; in *Miller v. New Jersey*, Third Circuit Chief Judge Becker provides even more support for the decision. *But see United States v. Forbes*, No. 97–7775, 153 F.3d 723 (table), 1998 WL 486339 (4th Cir. Aug.7, 1998) (in regard to section 2255 motion, "[b]ecause the application at issue here was not filed until after [the one-year period expired], it may not be considered"); *United States ex rel. Gallegos v. Page*, No. 97–C–2998, 1998 WL 474124 (N.D.Ill. Aug. 5, 1998) (because petition was filed within one-year period "this court has jurisdiction to consider Gallegos' petition"). I am convinced by and will follow the lead of the Third, Ninth, and Tenth Circuits on the matter. And just as section

2244(d)'s limitations period is like any other in regard to equitable tolling, it likewise operates like any other statute of limitations in regard to waivability. *See United States ex rel. Galvan v. Gilmore*, 997 F.Supp. 1019 (N.D.Ill.1998) (Moran, J.). Stang thus is correct that the one-year statute of limitations is waivable and subject to equitable tolling.

That does not necessarily mean, however, that the court cannot raise the issue of the statute of limitations *sua sponte. See Doby v. Marr*, No. 97–1365, 145 F.3d 1345 (table), 1998 WL 196598 (10th Cir. April 23, 1998) (district court issued order to show cause why petition should not be dismissed for failure to comply with one-year limitation period and dismissed case after considering petitioner's response; Tenth Circuit found nothing debatable about dismissal or deserving of further proceedings); *United States ex rel. Walker v. Carter*, No. 97–C–8345, 1998 WL 685373 (N.D.Ill. Sept. 21, 1998) (Moran, J.) (court ordered state to respond solely to timeliness issue); *United States ex rel. Garza v. Ahitow*, 8 F.Supp.2d 1069 (N.D.Ill. 1998) (Shadur, J.) (summary dismissal under rule 4 for failure to meet one-year limitations period).

■ Stang also is incorrect when he asserts that the state has waived the statute of limitations defense merely because it "did not object to the timeliness of the petition." The state has not yet been required to answer the petition, and likely did not even know the petition had been filed until I issued my August 21 order. Therefore, there was no opportunity for the state to object and thus no waiver of the defense.

I will reopen this case, however, as Stang contends that the one-year period was equitably tolled in his case and that he filed as early as he could through the exercise of due diligence. My August 21 decision did not allow Stang the opportunity to present evidence and argument on that issue. While I currently make no decision regarding whether the statute of limitations period was in fact equitably tolled,[1] I find that the matter

---

1. In discussing when equitable tolling of section 2244(d)'s limitations period, the Ninth Circuit stated that such equitable tolling should be granted only if " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon*, 128 F.3d at 1288.

The Third Circuit guided the district court by stating that equitable tolling is proper only when principles of equity would make rigid application of the limitations period unfair, such as if the petitioner in some extraordinary way has been

deserves further exploration and will order an answer from the state.

**THEREFORE, IT IS ORDERED** that Stang's motion for reconsideration is **GRANTED** and this case is **REOPENED.**

**FURTHER, IT IS ORDERED** that within 30 days from the date of this order the state must answer the petition. I will set a schedule for the briefing of the merits of the case, if required, following the state's response to the petition.

Stang hereby is advised that he must send copies of all future filings with the court to counsel for respondent. Copies of the petition and this order will be mailed by my clerk to the Attorney General for the State of Wisconsin, c/o Mary Burke, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707, pursuant to rule 4 of the Rules Governing Section 2254 Cases.

prevented from asserting his rights. *Miller v. New Jersey,* 145 F.3d at 618. The petitioner must show that he exercised reasonable diligence; mere excusable neglect is not sufficient. *Id.* 145 F.3d at 618–19. The Tenth Circuit found that a petitioner's simple lack of knowledge about the limitation did not suffice to equitably toll the limitations period of section 2244(d). *Miller v. Marr,* 141 F.3d at 978. In the Seventh Circuit, equitable tolling of a statute of limitations occurs when "despite all due diligence [a plaintiff] is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451 (7th Cir.1990).