**Richard M. LEWIS, Movant,**

v.

**UNITED STATES of America, Respondent.**

No. CIV.A. 2:97–0654.
CRIM. No. 2:95–00155–01.

United States District Court,
S.D. West Virginia,
Charleston Division.

Nov. 21, 1997.

---

J. Timothy DiPiero, DiTrapano & Jackson, Charleston, WV, for Movant.

Rebecca A. Betts, U.S. Atty. , Charleston, WV, for Respondent.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is Richard M. Lewis' motion to vacate or set aside his conviction pursuant to 28 U.S.C. § 2255. This action was referred to the Honorable Jerry D. Hogg, United States Magistrate, who submitted his proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Report–Recommendation on October 28, 1997. After review of the record and Movant's objections to the Report–Recommendation, the Court declines to adopt the Report–Recommendation and **GRANTS** the motion to vacate or set aside the Movant's conviction.

## I. FACTUAL BACKGROUND

In November 1995, Movant was charged in a superseding information with a single count of aiding and abetting mail fraud in violation of 18 U.S.C. §§ 2 & 1341. The Court entered judgment of conviction on January 30, 1996, sentencing Movant to a four-month term of incarceration, followed by a three-year term of supervised release, a $2,000.00 fine, and a $50.00 special assessment.

At the time of the offense conduct, the mail fraud statute provided:

> Whoever, having devised or intended to devise any scheme or artifice to defraud, ... for the purpose of executing such scheme or artifice ... places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or takes or receives therefrom, any such matter or thing, or knowingly causes to be

delivered by mail according to the directions thereon ... [shall be guilty of an offense against the United States].

18 U.S.C. § 1341.

As it turns out, Movant's conduct as alleged in the information did not violate the mail fraud statute. The parties agree that the document listed in the information was transmitted and received via a private commercial carrier, not by United States mail, and thus constituted no violation of § 1341.[1]

Over the course of plea negotiations and sentencing, Movant's counsel failed to discover, and the Government failed to reveal, this exculpatory information. Movant learned of the flaw in his conviction shortly after the aborted September 1996 trial of a related criminal case, *United States v. Ellison,* Criminal No. 2:95–00159, nearly seven months after the Court imposed judgment on Movant. In the *Ellison* case, the Government dropped several mail fraud charges shortly before and during trial due in part to its discovery of errors in the indictment similar to or alike those of the instant case.[2]

According to uncontroverted affidavits filed with the Court, after the Ellison trial Movant immediately contacted an attorney, J.W. Riccardi, to ask him to investigate the basis for the dismissal of the charges against Ellison. After reviewing the pleadings in the Ellison case, Mr. Riccardi informed Movant his conviction appeared to be defective for the same reason many of the charges against Ellison were defective, i.e., the fraudulent documents were sent not by mail, as required by the mail fraud statute, but by commercial carrier. Movant then related this information to his attorney, Tom Ciccarello, who in turn contacted the United States Attorney for this district. Mr. Ciccarello says he re-ceived vague responses from the Government regarding what action if any it would take with regard to Movant's faulty conviction. After a time Mr. Ciccarello referred Movant to his present attorney, J. Timothy DiPiero, who conducted further inquiry with the Government. Apparently unsatisfied with the Government's responses, Movant filed the instant motion on June 19, 1997, approximately eight months after Movant first discovered the basis for his § 2255 motion.

## II. DISCUSSION

Lewis attacks his conviction on three grounds. First, he contends his conviction was obtained by the unconstitutional failure of the Government to disclose material information favorable to Movant—namely, the fact the things to be mailed were not transmitted through the U.S. mail. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963); *Love v. Johnson,* 57 F.3d 1305, 1313 (4th Cir.1995). Second, he argues he was denied effective assistance of counsel in violation of the Sixth Amendment. Finally, Movant claims the Court was without jurisdiction to convict him by virtue of the fact he did not violate 18 U.S.C. § 1341.

In his Report–Recommendation, the Magistrate Judge concluded the instant motion was barred by the one-year limitations period for filing a motion for collateral relief under 28 U.S.C. § 2255. Recent amendments to § 2255, see § 105 of the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104–132, 1996 U.S.C.C.A.N. (110 Stat.) 1214, 1220, provide:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

1. *See* United States' Response Mem. at 2 n. 1 (stating "it ... appears that a technical problem does exist with regard to the crime to which [movant] in fact plead [sic] guilty. Unrecognized by the parties, in September, 1993, the mail fraud statute ... did not include the use of private commercial carriers ... as constituting a federal crime.")

2. The Court is well aware of the Government's missteps in its prosecution of Ellison. When its numerous errors came to light shortly before and during the Ellison trial, the Government dropped all counts in the indictment. Ellison ultimately pleaded guilty to a misdemeanor charge of willful failure to file an income tax return. In a Memorandum Opinion and Order addressing Ellison's subsequent prosecutorial misconduct allegations, this Court recounted the Government's lapses in its pursuit of charges against Ellison. While the Court denied Ellison's motion for sanctions against the Government, the Court concluded the Government conducted its investigation and prosecution of Ellison in a negligent and careless manner.

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

■ Movant apparently asserts subparagraph four (4) is the relevant event that should begin the one-year limitation period. The Magistrate Judge did not address this contention specifically, but, after noting that more than one year had expired from the date of the Court's judgment of conviction to the date the § 2255 motion was filed, concluded "[t]he issues raised by movant's motion for collateral relief could have been asserted at any time following his conviction and sentence. Moreover, there is no basis for according movant any further time that allotted by ... § 2255 in which to pursue his claims for collateral relief." Report–Recommendation at 3.

The Court disagrees. While the Court of Appeals has not addressed the new limitations provisions of § 2255, the Court finds subparagraph four (4) of the statute applies under the facts of this case. The Court further concludes the limitations period began to run from September 1996, when Movant first learned his conviction was flawed. Prior to this time Movant was unaware of the basis of his present claims, due in part to the Government's failure to comply with its *Brady* obligations and, in part, to his counsel's lack of attention to the proof elements. Movant filed his motion well within one-year of September 1996. Accordingly, his motion is not time-barred.

■ Alternatively, the Court concludes the one-year time limit for filing a § 2255 motion is a statute of limitations subject to equitable tolling rather than an inflexible jurisdictional bar. *See generally Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990)(announcing "general rule to govern the applicability of equitable tolling in suits against the Government" that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States"). *But see Webb v. United States*, 66 F.3d 691, 696–699 (4th Cir.1995)(holding *Irwin* presumption inapplicable in tax refund suits). The Ninth Circuit in *Calderon v. United States District Court*, 128 F.3d 1283, (1997) addressed this issue with respect to the recently-enacted limitations provisions of 28 U.S.C. § 2244, which are in material respects identical to the limitations provisions of § 2255. Judge Kozinski's analysis in *Calderon* of the equitable tolling issue, *see* 128 F.3d at 1288–89, is persuasive and is adopted by this Court.

■ Having determined the limitations period is subject to equitable tolling, the Court further concludes the circumstances of this case by no means present a "garden variety claim of excusable neglect" to which equitable tolling principles do not apply, *see Irwin*, 498 U.S. at 96, 111 S.Ct. at 458, but instead are sufficiently extraordinary to warrant equitable tolling of the limitations period. In this case the Government charged Movant in a flawed information negligently and carelessly prepared, and failed to disclose exculpatory information to Movant. Upon learning of the grounds for the instant motion, Movant immediately sought assistance from counsel. When his counsel initiated discussions with the Government in an attempt to rectify the obviously flawed conviction, the Government delayed remedial action and in the end took none. Movant ultimately brought the instant motion less than one year after discovering the Government's and his counsel's errors.

■ Turning to the substance of the motion, the Court finds and concludes (1) the Government prejudiced Movant when it

breached its *Brady* obligations to supply Movant with exculpatory information material to the question of his guilt or innocence—specifically, that the document listed in the information was not handled by the U.S. Postal Service, but by a commercial carrier, and thus the conduct charged in the information did not violate the mail fraud statute; and (2) by his failure to conduct a reasonable investigation to ascertain the facts of the offense of conviction, Movant's counsel was constitutionally ineffective under the test established by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## III.  CONCLUSION

For all of these reasons, the Court **GRANTS** the motion to set aside the conviction of Richard M. Lewis pursuant to 28 U.S.C. § 2255, **VACATES** and **SETS ASIDE** his conviction and sentence and **DISCHARGES** Richard M. Lewis from the remaining obligations of his sentence.