. Karl Overman, Assistant U.S. Attorney, Detroit, MI, for U.S., Respondent.

˙Jean Ramsey, Southfield, MI, for Benjamin Giles, Petitioner.

Benjamin GILES, Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. 97–CV–74816–DT, 89–80352–15.

United States District Court,
E.D. Michigan,
Southern Division.

April 28, 1998.

## MEMORANDUM OPINION
## AND ORDER

ZATKOFF, District Judge.

## I. INTRODUCTION

This matter is before the Court on petitioner Benjamin Giles' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. In his Report and Recommendation dated March 19, 1998, Magistrate Judge Donald A. Scheer recommended that the motion be denied. Although this Court agrees with the conclusion reached by Magistrate Judge Scheer, I do so on alternative grounds. The facts and legal arguments are adequately presented in the briefs, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons that follow, defendant's motion is DENIED.

## II. BACKGROUND

Magistrate Scheer's Report and Recommendation sets forth the substantive and procedural facts in sufficient detail. Therefore, in the interest of brevity, this Court will only review those facts pertinent to this opinion.

Petitioner was convicted after a jury trial of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846

on February 25, 1992. On June 4, 1992, he was sentenced to a term of two hundred thirty five months in prison, to be followed by five years of supervised release. Giles filed a pro se appeal to the Sixth Circuit Court of Appeals on November 4, 1994. However, the Sixth Circuit upheld his conviction and sentence in an unpublished opinion issued on April 16, 1998.

In the instant motion, petitioner requests that this Court vacate his conviction. In support of his motion, Giles argues that: a) trial counsel failed to request severance; b) trial counsel failed to request a special verdict; c) trial counsel failed to voir dire jurors at the close of trial; d) trial counsel failed to challenge faulty jury instructions on conspiracy; e) appellate counsel failed to raise ineffective assistance issue for trial counsel's failure to request severance; and f) appellate counsel failed to be an advocate within the meaning of the Sixth Amendment.

Giles filed his petition on September 22, 1997, well after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA took effect on April 24, 1996 and therefore governs this Court's analysis of Giles petition.

### III. OPINION

The AEDPA amended 28 U.S.C. § 2255 by adding the following provision:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Under the AEDPA, petitioner was to file his motion by April 6, 1997, one year after the Sixth Circuit denied his appeal. However, as stated above, petitioner did not file the instant motion until September 22, 1997.

In its response, the government failed to argue that Giles' motion should be barred by the one year time limit of § 2255. Therefore, the issue becomes whether the government, by failing to raise the statute of limitations defense, waived it. The answer to the issue can be found by determining whether the limitations period is jurisdictional in nature. If it is jurisdictional, the government cannot waive the defense, as this Court would be without power to consider the motion. However, if the statute of limitation is not jurisdictional, the government waived the defense by not asserting it in their responsive pleading.

The Sixth Circuit has not yet answered the question whether the statute of limitations provision in § 2255 is jurisdictional. Of the other circuits, only the Ninth has addressed the issue. In *Calderon v. United States District Court for the Central District of California*, 112 F.3d 386 (9th Cir.1997), the court held that the statute of limitations provision was not a jurisdictional bar but a statute of limitations subject to equitable tolling. *Id.* at 391.

This Court, however, declines to adopt the reasoning or conclusion of *Calderon*. To hold that the limitations provision is not jurisdictional so as to permit a court to equitably toll the limitations period, runs contrary to the purpose of the statute. The AEDPA was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. Before the AEDPA, prisoners had almost unchecked discretion in deciding when to file a § 2255 motion. Therefore, in order for the AEDPA to succeed in its clear congressional purpose, this Court finds that the limitations provision is jurisdictional in nature.

Further, the language of the § 2255 indicates that Congress intended to limit a federal court's discretion in tolling the one year time limit. Section 2255 expressly lists four different events, the latest of which determines when the limitations period begins to run. 28 U.S.C. § 2255. The detail of § 2255 and its direct and express determination of when the time limit begins indicates that Congress did not intend to permit courts to read other unmentioned and open-ended equitable exceptions into the statute. *See United States v. Brockamp,* 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) (In reversing the Ninth Circuit, the Supreme Court held that statutory limitations period on tax refund claims does not authorize equitable tolling. 26 U.S.C. § 6511). Therefore, the one year time limit in § 2255 is a jurisdictional bar to untimely habeas petitions.

Accordingly, even though the government did not assert the limitations period as a defense, it cannot be waived. Because petitioner failed to bring his motion within the time period proscribed in 28 U.S.C. § 2255, his petition is dismissed.

## IV. CONCLUSION

For the reasons stated above, petitioner Giles' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

## JUDGMENT

IT IS ORDERED AND ADJUDGED that pursuant to this Court's Order dated April 28, 1998, plaintiff's action is hereby dismissed.