**UNITED STATES of America,**
**Plaintiff,**

v.

**Derrick Wayne GRIFFIN, Defendant.**

**No. 99 C 1611.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 8, 1999.

See also, 1999 WL 376086, —— F.Supp.2d ——.

**864**

David Styler, Assistant United States Attorney, Chicago, IL, for plaintiff.

Derrick Wayne Griffin, Greenville, IL, pro se.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is the United States' motion to dismiss defendant Derrick Griffin's motion to vacate, set aside or correct his sentence, which he filed pursuant to 28 U.S.C. § 2255 ("§ 2255"). For the following reasons, the court denies the government's motion.

### I. BACKGROUND

On July 23, 1993, defendant Derrick Griffin ("Griffin") pleaded guilty to violating 18 U.S.C. §§ 371 and 1962(c). On October 26, 1993, this court sentenced Griffin to a 300–month term of imprisonment. At the preliminary hearing, arraignment, plea, and sentencing phases, attorney Richard F. Walsh ("Walsh") represented Griffin. Neither Griffin nor Walsh filed a notice of appeal on behalf of Griffin.

From 1993 until 1997, Griffin was in the custody of the State of Illinois. Sometime during 1997, Griffin entered the federal system.

On November 27, 1998, Griffin filed a letter, asking this court to grant him leave to file a § 2255 motion. The court informed Griffin that the court cannot consider *ex parte* communications and that if he wished to request leave to file a § 2255 motion, he must do so by way of motion. On January 27, 1999, Griffin filed a motion for leave to file an untimely § 2255 motion. On February 23, 1999, this court granted Griffin leave to file a § 2255 motion. At that point, the court made no determination as to whether the motion was timely or not. The court simply allowed Griffin to file the § 2255 motion, leaving it up to the government to raise whatever objections to the motion that there may be, including an objection to the motion's timeliness.

On March 5, 1999, Griffin filed the present § 2255 motion and a memorandum of law in support thereof. On May 25, 1999, the government responded to Griffin's § 2255 motion. In its response, the government moved this court to dismiss Griffin's § 2255 motion as untimely. The court addresses the government's motion to dismiss in the discussion that follows.

### II. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year period of limitation for filing a motion under 28 U.S.C. § 2255. *Gendron v. United States*, 154 F.3d 672, 673 (7th Cir.1998). In pertinent part, AEDPA amended § 2255 to read as follows:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. For prisoners whose judgment of conviction became final prior to the effective date of AEDPA, the one-year period of limitation contained in § 2255 began to run on April 24, 1996, the date on which AEDPA was enacted. *See Gendron*, 154 F.3d at 673.

In this case, Griffin's judgment of conviction became final well before the enactment of AEDPA. Thus, Griffin had from one year after April 24, 1996 to file his § 2255 motion.[1] Griffin, however, did not file his § 2255 motion until March 5, 1999, well after the one-year time period had expired. In documents that he submitted to the court, Griffin acknowledges that his § 2255 motion was not filed within the one-year time period. (*See* Def.'s Mot. in Supp. for Leave To File Out of Time Mot. at 1.) Griffin, however, asks this court to excuse his untimeliness because (1) he was not aware of AEDPA's enactment until after he entered the federal system in 1997 and (2) he told his attorney to appeal and was led to believe that his attorney was pursuing that appeal. *Id.* at ¶¶ 4–5.

The government has moved to dismiss Griffin's § 2255 motion, arguing that the motion is barred by the one-year period of limitation applicable to § 2255 motions. The government argues that the one-year limitation period contained in § 2255 is jurisdictional and is not subject to equitable tolling.

The parties' arguments present two issues for the court to decide. The first issue is whether the one-year period of limitation applicable to § 2255 motions is (1) jurisdictional and, thus, is not subject to equitable tolling or (2) procedural and, thus, is subject to equitable tolling. The second issue, which the court need only address if it finds that the limitation period is subject to equitable tolling, is whether equitable tolling is warranted in this case. The court will address each of these two issues in turn.

### A. Whether the one-year period of limitation applicable to § 2255 motions is jurisdictional or procedural

The first issue the court must decide is whether the one-year period of limitation applicable to § 2255 motions (" § 2255's limitations period") is jurisdictional or whether it is procedural. If the time limitation is jurisdictional, "it cannot be modified and non-compliance is an absolute bar." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 617–18 (3d Cir. 1998). If it is procedural, it is like a statute of limitations and, thus, is subject to equitable tolling. *Id.* at 617.

Neither the Supreme Court nor the Seventh Circuit has ever directly addressed the issue of whether § 2255's limitations period is jurisdictional or procedural. *United States v. Marcello*, No. 98 C 7737, 1999 WL 261827, at *4 (N.D.Ill. Apr.9, 1999). Similarly, the parties did not cite and the court could not find a case from

---

1. There is no dispute that Griffin is not claiming that (1) he was prevented from filing his § 2255 motion by some governmental action; (2) his § 2255 motion relies on a new Constitutional rule of law made retroactively applicable to cases on direct review; or (3) his

§ 2255 motion relies on newly discovered evidence. Thus, the one-year period began to run from the date on which his judgment of conviction became final. *See* 28 U.S.C. § 2255.

the Northern District of Illinois which directly addresses this issue. Thus, this is a case of first impression in this district.

Although there exists no precedent binding on this court, other circuits have addressed, and provide persuasive authority on, this issue. Specifically, both the Third and the Eighth Circuits have held that § 2255's limitations period is not jurisdictional but is procedural and, thus, subject to equitable tolling. *Moore v. United States,* 173 F.3d 1131, 1134 (8th Cir.1999); *Kapral v. United States,* 166 F.3d 565, 567 (3d Cir.1999) (citing *Miller,* 145 F.3d at 619 n. 1). In addition, the Third, Fifth, Ninth, and Tenth Circuits have held that the one-year period of limitation applicable to § 2254 actions ("§ 2254's limitations period"), which is identical in all material respects to § 2255's limitations period, is procedural and, thus, subject to equitable tolling. *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998); *Miller,* 145 F.3d at 618; *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998); *Calderon v. U.S. District Court for Central District of Cal.,* 128 F.3d 1283, 1287–89 (9th Cir.1997), *rev'd on other grounds,* 163 F.3d 530 (9th Cir.1998).[2]

The court examines this body of persuasive authority below. The court begins by discussing in detail the Ninth Circuit's decision in *Calderon,* which was the first circuit court opinion to address the issue of whether § 2254's limitations period was jurisdictional or procedural. The court will then discuss in detail the Third Circuit's decision in *Miller,* which followed and explained *Calderon.* The court will then discuss other court decisions that have followed the *Calderon* and *Miller* decisions as well as the only case which has refused to follow *Calderon.* The court will then announce its holding on this issue.

### 1. The Ninth Circuit's opinion in *Calderon*

In *Calderon,* the Ninth Circuit held that § 2254's limitations period "is a statute of limitations subject to equitable tolling, not a jurisdictional bar." *Calderon,* 128 F.3d at 1288–89. The court found that the plain language of AEDPA and its legislative history supported its holding. *Id.* at 1289.

The *Calderon* court first determined that the plain language of the statute supported its holding. *Id.* at 1287. In so finding, the court pointed out that § 2254's limitations period "is phrased only as a 'period of limitations' and 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.' " *Id.* at 1288. The court further noted that "both the Supreme Court and this court have repeatedly held that timing provisions even more unyieldingly phrased than AEDPA's are statutes of limitations subject to tolling." *Id.* (citations omitted).

Along with the plain language of the statute, the *Calderon* court found that the legislative history of AEDPA supported its holding. *Id.* The court observed that "[n]either the conference report ... nor any statements of individual House or Senate members describe the one-year limitation as a restriction on federal court jurisdiction." *Id.* On the other hand, the court observed, "[m]any members of Congress—including AEDPA's authors in the Senate and its sponsors in the House—did ... describe [the limitations period] as a 'statute of limitations.' " *Id.* (quoting statements from Senators Specter and Hatch and House Representatives Hyde, Cohen and Biden).

The *Calderon* court rejected the argument that allowing tolling would undermine AEDPA's purpose of "halt[ing] the unacceptable delay which has developed in the federal habeas process." *Id.* The court explained that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time.' " *Id.* The court then stated that it had "no doubt that district judges will take

---

2. The First Circuit has expressly stated that it has reserved ruling on the issue. *Libby v.* *Magnusson,* 177 F.3d 43, 49 n. 2 (1st Cir. 1999).

seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Id.* at 1289.

### 2. The Third Circuit's opinion in *Miller*

After the Ninth Circuit decided *Calderon*, the Third Circuit was faced with exactly the same issue in *Miller v. New Jersey State Department of Corrections.* In *Miller*, announcing that it agreed with the Ninth Circuit's decision in *Calderon*, the Third Circuit held that § 2254's limitations period operates as a statute of limitations and is thus subject to equitable tolling. *Miller*, 145 F.3d at 618. The Third Circuit found that the language, legislative history, and statutory purpose of AEDPA all supported the court's holding.

First, as in *Calderon*, the *Miller* court found that "the language of AEDPA clearly indicates that the one year period is a statute of limitations and not a jurisdictional bar." *Id.* The court observed that the language of the statute (1) "refers to the one year as a 'period of limitation' and a 'limitation period,' and does not use the term 'jurisdiction'" and (2) speaks only in terms of a "one year filing period" and does not purport to limit the jurisdiction of the courts in any way. *Id.* The Third Circuit also found it important that § 2241, the provision in which Congress explicitly grants jurisdiction to the district courts, does not reference a "timely-filing requirement." *Id.*

In addition to the language of the statute, the *Miller* court found that the legislative history of AEDPA supported the court's holding. As in *Calderon*, the court found it important that "[t]he Congressional conference report does not refer to jurisdiction ... and statements by various members of Congress refer to the period as a statute of limitations." *Id.*

Finally, the *Miller* court found that its holding was consistent with the statutory purpose of AEDPA, which was "to curb the abuse of the writ of habeas corpus." *Id.* The court found that allowing equitable

tolling serves AEDPA's statutory purpose by "provid[ing] a one year limitation period that will considerably speed up the habeas process while retaining judicial discretion to equitably toll in extraordinary circumstances." *Id.*

Having held that § 2254's limitations period is a statute of limitations, the Third Circuit remanded the case to the district court for a consideration of the equitable tolling issue. *Id.* The Third Circuit then provided the following guidance to the district court for deciding the equitable tolling issue:

> Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Generally, this will occur when the petitioner has "in some extraordinary way ... been prevented from asserting his or her rights." The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." Mere excusable neglect is not sufficient.

*Id.* at 618–19 (internal citations omitted).

As a final matter, the *Miller* court noted that the Third Circuit has a practice of informing the district courts whenever it decides an AEDPA issue that arises under § 2254 and the same holding would be analytically required in a case arising under § 2255. *Id.* at 619 n. 1. Following that practice, the *Miller* court "rule[d] that the one year period of limitation for § 2255 cases is also subject to equitable tolling." *Id.; see also Kapral,* 166 F.3d at 567; *United States v. Concepcion,* Nos. Civ.A. 98–2372, Crim. 95–624–01, 1999 WL 225865, at *3 (E.D.Pa. Apr.19, 1999); *Fadayiro v. United States,* 30 F.Supp.2d 772, 779 (D.N.J.1998)

### 3. Other court's decisions after *Calderon* and *Miller*

Many courts have followed the Ninth Circuit's decision in *Calderon* and Third Circuit's decision in *Miller* and have held that § 2254's limitations period is not jurisdictional but is procedural and, thus, sub-

ject to equitable tolling. This includes the Fifth and Tenth Circuits, *Davis*, 158 F.3d at 811; *Miller*, 141 F.3d at 978, as well as several district courts in those circuits that have not addressed the issue, *Stang v. Smith*, 23 F.Supp.2d 972, 973 (E.D.Wis. 1998); *Parker v. Bowersox*, 975 F.Supp. 1251, 1252 (W.D.Mo.1997); *Raynor v. Dufrain*, 28 F.Supp.2d 896, 900 (S.D.N.Y. 1998).

Many courts have also followed the Ninth Circuit's decision in *Calderon* and Third Circuit's decision in *Miller* and have held that § 2255's limitations period is not jurisdictional but is procedural and, thus, subject to equitable tolling. This includes the Eighth Circuit, *Moore*, 173 F.3d 1131, at 1134, as well as several districts outside of the Third and Eighth Circuits, *United States v. McCloud*, No. 96–20031–01–DES, 1998 WL 918840, at *2 (D.Kan. Nov.20, 1998); *United States v. Muldrow*, No. Crim.A. 92–20063–02–GTV, 1998 WL 351574, at *2 (D.Kan. June 16, 1998); *Baskin v. United States*, 998 F.Supp. 188, 189 (D.Conn.1998); *Lewis v. United States*, 985 F.Supp. 654, 657 (S.D.W.Va.1997); *United States v. Van Poyck*, 980 F.Supp. 1108, 1110 (C.D.Cal.1997).

In fact, the court's research has only uncovered one case which is still good law where the court held that § 2255's limitations period is jurisdictional and not subject to equitable tolling. In *Giles v. United States*, a judge from the Eastern District of Michigan was faced with the issue of whether § 2255's limitations period was jurisdictional. *Giles v. United States*, 6 F.Supp.2d 648, 649 (E.D.Mich. 1998). Declining to follow *Calderon*, the district court judge held that § 2255's limitations period was jurisdictional for two reasons. The first reason for his holding was that the judge believed that allowing the limitations period to be equitably tolled runs contrary to AEDPA's purpose of "put[ting] an end to unacceptable delay in the review of prisoners' habeas petitions." *Id.* The second reason for his holding was that the judge believed that the language of § 2255 indi-

cated that Congress intended to limit a district court's discretion in tolling the one-year period. *Id.* at 650. The judge observed that § 2255 lists four different events, the latest of which determines when § 2255's limitations period begins to run. *Id.* The judge believed that this detail "indicates that Congress did not intend to permit courts to read other unmentioned and open-ended equitable exceptions into the statute." *Id.*

### 4. This court's conclusion

■ Following the well-reasoned opinions of the Third, Fifth, Eighth, and Ninth Circuits, this court adopts the reasoning of those courts and holds that § 2255's limitations period is not jurisdictional but is procedural and, thus, is subject to equitable tolling. For the reasons so aptly stated by those courts, this court finds that the statutory language, purpose, and legislative history all support this holding.

It is true that the Ninth and Fifth Circuits have only addressed § 2254's, and not § 2255's, limitations period. However, § 2255's limitations period is in all material respects identical to § 2254's limitations period. *Lewis*, 985 F.Supp. at 657. The government has made no argument, and this court sees no reason, why the two limitations periods should be treated differently. Thus, the factors that the Fifth and Ninth Circuit used to conclude that § 2254's limitations period is not jurisdictional lead to the same conclusion when applied to § 2255's limitations period. *Moore*, 173 F.3d 1131, at 1133; *Miller*, 145 F.3d at 619 n. 1.

The court rejects the *Giles* court's holding that § 2255's limitations period is jurisdictional because this court does not agree with the *Giles* court's reasoning. As mentioned, the *Giles* court held that § 2255's limitations period was jurisdictional because it believed that (1) allowing equitable tolling of the one-year period runs contrary to the purpose of AEDPA and (2) the language of § 2255 indicated that Congress intended to limit the district court's

discretion in tolling the one-year time limit. *Giles*, 6 F.Supp.2d at 649–50. As to the first reason, allowing equitable tolling does not run contrary to AEDPA's purpose; rather, it is quite consistent with its purpose. Allowing equitable tolling serves AEDPA's statutory purpose by providing a one-year statute of limitations that will considerably speed up the habeas process while retaining judicial discretion to equitably toll only in "extraordinary circumstances." As to the second reason, the court finds that the language of § 2255 shows that the limitations period is a statute of limitations for the reasons previously discussed. *See supra* Parts II.A. 1–2.

The government argues that § 2255's limitations period is jurisdictional. The government does not address the case law from the other circuits holding that the limitations period is not jurisdictional. Rather, the government simply states that "[t]he time limitation contained in the AEDPA operates much like Fed.R.App. 4, which prescribes the time limit in which to file appeal from a judgment entered in the district court" and which courts have uniformly recognized is a jurisdictional rule. (Gov't's Resp. at 3.)

The court rejects the government's position. The court sees no reason why, and the government has failed to provide an analysis of why, § 2255's limitations period should be analogized to, and treated like, the time limitation contained in Federal Rule of Appellate Procedure 4. Rather, for the reasons so aptly stated by the Third, Fifth, Eighth, and Ninth Circuits, this court holds that § 2255's limitations period is not jurisdictional but is procedural and, thus, subject to equitable tolling.

**B.** ***Whether equitable tolling is warranted in this case***

■ Having determined that § 2255's limitations period is subject to equitable tolling, the court must now determine whether equitable tolling is warranted in

this case. The doctrine of equitable tolling "permits a plaintiff to avoid the bar of the statute limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990). The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." *Miller*, 145 F.3d at 618–19. Equitable tolling of § 2255's limitations period should be granted only in "extraordinary circumstances." *Id.* at 618; *see also Miller v.. Runyon*, 77 F.3d 189, 191 (7th Cir.1996). Mere excusable neglect is not sufficient. *Miller*, 145 F.3d at 619.

Griffin argues that court should equitably toll[3] § 2255's limitations period in his case because (1) he was not aware of AEDPA's enactment until he entered the federal system in 1997 and (2) he told his attorney to appeal his conviction and was led to believe that his attorney was pursuing that appeal. While the government does not address whether either of these reasons is sufficient to warrant equitable tolling in this case, the government does point out that "ignorance of the law or unfamiliarity with the federal rules almost invariably falls short of excusable neglect." (Gov't's Resp. at 3 n. 1.)

■ The court agrees with the government that the court should not extend § 2255's limitations period based on Griffin's alleged ignorance of AEDPA's enactment. All that Griffin has stated in his motion is that he was unaware of the law until he came into the federal system in 1997. Such a run-of-the-mill claim of ignorance of the law is insufficient to warrant equitable tolling of § 2255's limitations period. *See Fisher v. Johnson*, 174 F.3d 710, at 713 (5th Cir.1999); *United States v. Agubata*, Nos. Civ. HNM–97–3629, Crim. MJG–94–0037, 1998 WL 404303, at *3 (D.Md. July 9, 1998).

---

**3.** Griffin does not use the term "equitably toll"; rather, he asks the court to allow him to file an "out of time" motion.

■ As to Griffin's claim that he told his attorney to appeal and his attorney failed to do so, this court finds that an evidentiary hearing is needed. In *Castellanos*, the Seventh Circuit held that a lawyer's failure to carry out a client's instruction to appeal constitutes ineffective assistance of counsel. *Castellanos v. United States*, 26 F.3d 717, 718–19 (7th Cir.1994). Griffin has alleged sufficient facts to fit within the rule of *Castellanos*, i.e., he has alleged that he told his attorney to appeal and his attorney failed to do so. If such is really the case, equitable tolling might be warranted. However, even if equitable tolling is warranted, the court would have to determine for how long the time period should be tolled. This determination hinges on such facts as when Griffin became or should have become aware that his attorney failed to carry out his instruction to appeal. The court does not have the evidence needed to make these relevant determinations. Thus, the court finds that an evidentiary hearing on this issue is warranted. At the evidentiary hearing, the parties should be prepared to present evidence on the facts relevant to this issue, such as if Griffin instructed his attorney to appeal and at what time Griffin became or should have become aware that his attorney was not pursuing an appeal.

### III. *CONCLUSION*

In sum, the court holds that the one-year period of limitations applicable to motions under 28 U.S.C. § 2255 is not jurisdictional but operates as a statute of limitations and, thus, is subject to equitable tolling. However, the court cannot determine at this point whether equitable tolling is warranted in this case. To make that determination, the court must hold an evidentiary hearing to allow the parties to present evidence with respect to whether the court should equitably toll § 2255's limitations period and if the court should, for how long the court should toll the limitations period.

Accordingly, the court (1) denies the government's motion to dismiss Derrick Griffin's § 2255 motion and (2) appoints Shelly B. Kulwin of Kulwin & Associates to represent Derrick Griffin at the required evidentiary hearing. At this point, Mr. Kulwin's representation of Griffin is limited solely to the issue identified by the court in this opinion. The parties are to report for a status hearing on June 24, 1999 at 9:30 a.m., at which time the court will set the date for the evidentiary hearing.