UNITED STATES of America, Plaintiff,

v.

Derrick Wayne GRIFFIN, Defendant.

No. 99 C 1611.

United States District Court, N.D. Illinois, Eastern Division.

July 23, 1999.

See also, 58 F.Supp.2d 863.

David A. Styler, United States Attorney's Office, Chicago, IL, for plaintiff.

Shelly Byron Kulwin, Kulwin & Associates, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Derrick Wayne Griffin's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, the court denies defendant's motion with prejudice.

## I. BACKGROUND

On July 23, 1993, defendant Derrick Wayne Griffin ("Griffin") pleaded guilty to violating 18 U.S.C. §§ 371 and 1962(c). On October 26, 1993, this court sentenced Griffin to a 300 month term of imprisonment. At the preliminary hearing, arraignment, plea, and sentencing phases, attorney Richard F. Walsh ("Walsh") represented Griffin. Neither Griffin nor Walsh filed a notice of appeal on behalf of Griffin.

From 1993 until 1997, Griffin was in the custody of the State of Illinois. Sometime during 1997, Griffin entered the federal system.

On November 27, 1998, Griffin filed a letter, asking this court to grant him leave to file a § 2255 motion. The court informed Griffin that the court cannot consider *ex parte* communications and that if he wished to request leave to file a § 2255 motion, he must do so by way of motion. On January 27, 1999, Griffin filed a motion for leave to file an untimely § 2255 motion. On February 23, 1999, this court granted Griffin leave to file a § 2255 motion. At that point, the court made no determination as to whether the motion was timely or not. The court simply allowed Griffin to file the § 2255 motion, leaving it up to the government to raise whatever objections to the motion there may be, including an objection to the motion's timeliness.

On March 5, 1999, Griffin filed the present § 2255 motion and a memorandum of law in support of his § 2255 motion. On May 25, 1999, the government responded to Griffin's § 2255 motion. In its response, the government moved this court to dismiss Griffin's § 2255 motion as untimely, arguing that the motion was barred by the one-year period of limitations contained in 28 U.S.C. § 2255 ("§ 2255's limitations period").

On June 8, 1999, the court denied the government's motion to dismiss. *United States v. Griffin,* 58 F.Supp.2d 863

(N.D.Ill.1999). The court acknowledged that Griffin's § 2255 motion was not filed within § 2255's limitations period. *Id.* at 865. The court held, however, that (1) § 2255's limitations period is not jurisdictional but is procedural and, thus, subject to equitable tolling and (2) Griffin's allegation that he told Walsh to appeal and Walsh failed to do so was sufficient to warrant an evidentiary hearing on the issue to determine whether § 2255's limitations period should be equitably tolled in this case. *Id.* at 868–69.[1] The court then appointed an attorney to represent Griffin at an evidentiary hearing, which was to be held to determine (1) whether Griffin in fact told Walsh to appeal his case and, if so, (2) when Griffin became or should have become aware that Walsh failed to appeal his case. *Id.* at 869–70.

On July 22, 1999, the court held an evidentiary hearing to resolve the above issues. Two witnesses testified at the hearing: Griffin and Walsh. After the witnesses testified, Griffin's attorney and the attorney for the government presented their closing arguments. The court took the case under advisement in order for it to carefully consider the evidence presented and the arguments made during the evidentiary hearing.

## II. *DISCUSSION*

In this case, there is no dispute that Griffin's judgment of conviction became final well before the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and, thus, that Griffin had from one year after April 24, 1996 to file his § 2255 motion. *See Gendron v. United States,* 154 F.3d 672, 674–75 (7th Cir. 1998).[2] Griffin, however, did not file his § 2255 motion until well after § 2255's limitations period had expired.[3] Thus, Griffin's § 2255 motion is barred by § 2255's limitations period unless he can show that equitable tolling is warranted in this case. *See Griffin,* 58 F.Supp.2d at 869.

The doctrine of equitable tolling "permits a plaintiff to avoid the bar of the statute limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451 (7th Cir.1990). The petitioner must show that he "exercised reasonable diligence in investigating and bringing [the] claims." *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616, 618–19 (3d Cir.1998). Equitable tolling of § 2255's limitations period should be granted only in "extraordinary circumstances." *Id.* at 618; *see also Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir.1996). Mere excusable neglect is insufficient. *Miller,* 145 F.3d at 619. Equitable tolling might be warranted in a case where the criminal defendant instructed his attorney to appeal but the attorney failed to do so. *See Griffin,* 58 F.Supp.2d at 869 (citing *Castellanos v. United States,* 26 F.3d 717, 718–19 (7th Cir.1994) (holding that a lawyer's failure to carry out a client's instruc-

---

1. Griffin also argued that § 2255's limitations period should not bar his case because he was not aware of the limitations period until after he entered the federal system in 1997. The court rejected this argument, finding that Griffin's "run-of-the-mill claim of ignorance of the law is insufficient to warrant equitable tolling of § 2255's limitations period." *Griffin,* 58 F.Supp.2d at 869.

2. There is no dispute that Griffin is not claiming that (1) he was prevented from filing his § 2255 motion by some governmental action; (2) his § 2255 motion relies on a new Consti-

tutional rule of law made retroactively applicable to cases on direct review; or (3) his § 2255 motion relies on newly discovered evidence. Thus, the one-year period began to run from the date on which his judgment of conviction became final. *See* 28 U.S.C. § 2255.

3. Griffin filed his § 2255 motion on March 5, 1999; however, he filed a letter requesting leave to file the motion on November 27, 1998 and a motion to file his § 2255 motion on January 27, 1999. All of these dates are well beyond the date on which the one-year time period expired.

tion to appeal constitutes ineffective assistance of counsel)).

The precise issue before the court is whether Griffin has shown that equitable tolling is warranted in this case based on his claim that he told Walsh to appeal but Walsh failed to do so. This is the issue on which the July 22, 1999 evidentiary hearing was held. Two witnesses testified at the hearing: Griffin and Walsh. During the evidentiary hearing, the court had the unique opportunity to observe the demeanor of the testifying witnesses. Having heard the evidence, had the opportunity to judge the credibility of the witnesses, considered the parties' arguments, and reviewed the credible evidence of record, the court makes the following Findings of Fact and Conclusions of Law:

### A. *Findings of Fact*

1. Walsh is an experienced federal criminal defense lawyer who is now an Illinois Circuit Court Judge.

2. Walsh was able to remember those specifics of Griffin's case to which he testified because Griffin's case involved a particularly gruesome murder and because the prosecutor on the case was so adamant that Griffin had committed the murder.

3. Walsh was knowledgeable and credible in his testimony that Griffin never told him to appeal.

4. If Griffin had told Walsh to appeal his case, Walsh would have done so.

5. Griffin is a convicted felon.

6. Griffin's testimony that before pleading guilty he told Walsh to appeal his case was incredible.

7. Griffin never told Walsh to appeal Griffin's case.

8. The sentencing judge told Griffin at the sentencing hearing that Griffin had a right to appeal his case.

9. Griffin did not tell Walsh after his sentencing to appeal his case.

10. Griffin never received any communications from Walsh, the court, or anyone that led Griffin to believe that his case was being appealed.

### B. *Conclusions of Law*

1. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 2255.

2. Griffin has failed to show that equitable tolling is warranted in this case because the court finds that Griffin did not tell Walsh to file a notice of appeal. *See Griffin,* 58 F.Supp.2d 870.

3. Walsh was under no duty to appeal unless instructed to do so by Griffin because "[a] lawyer need not appeal unless the client wants to pursue that avenue." *Castellanos,* 26 F.3d at 719.

4. Assuming *arguendo* that Griffin told Walsh to appeal, Griffin has failed to show that equitable tolling is warranted in this case because he has failed to show that he exercised reasonable diligence in investigating and finding out that his case was not being appealed. *See, Miller,* 145 F.3d at 618–19.

5. Because Griffin has failed to show that equitable tolling is warranted in this case, Griffin's § 2255 motion is barred by the one-year period of limitations contained in 28 U.S.C. § 2255.

### IV. *CONCLUSION*

In sum, there is a one-year period of limitations applicable to all motions filed under 28 U.S.C. § 2255. Although this one-year period is not jurisdictional but is procedural and, thus, subject to equitable tolling, the court finds that Griffin has failed to show that equitable tolling is warranted in this case. Accordingly, the court finds that defendant Derrick Wayne Griffin's motion under 28 U.S.C. § 2255 is barred by one-year period of limitations

contained in 28 U.S.C. § 2255 and, thus, denies the motion with prejudice.