**UNITED STATES of America,**
**Plaintiff,**

v.

**Derrick Wayne GRIFFIN, Defendant.**

**No. 99 C 1611.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 14, 2000.

David Styler, Assistant United States Attorney, United States Attorney's Office, Chicago, IL, for plaintiff.

Derrick Wayne Griffin, Greenville—FPC, Greenville, IL, defendant pro se.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Petitioner Derrick Wayne Griffin filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Following an evidentiary hearing, the court denied petitioner's § 2255 petition on July 23, 1999. *See United States v. Griffin,* 58 F.Supp.2d 870 (N.D.Ill.1999); *see also United States v. Griffin,* 58 F.Supp.2d 863 (N.D.Ill.1999) (denying the government's motion to dismiss and determining that an evidentiary hearing was necessary).[1] On November 18, 1999, petitioner filed a "motion for leave to file notice of appeal out of time" which the court will treat as a motion to reopen the time to file his notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). Also, on November 18, 1999, petitioner filed a motion requesting the transcripts from his evidentiary hearing. Then, on December 8, 1999, petitioner filed a motion requesting this court to issue a certificate of appealability. Petitioner is proceeding pro se on all three motions.

The court will first address petitioner's motion to reopen the time to file his notice of appeal. The court entered its final judgment on July 23, 1999. Petitioner then had thirty days in which to file a notice of appeal—or until August 22, 1999. Petitioner did not file a motion until November 18, 1999, when he filed the current motion requesting an extension.[2]

It is within the discretion of the district court to grant an extension of time in which to file an appeal. *See Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat,* 808 F.2d 1249, 1251

---

1. In his § 2255 petition, petitioner argued that his trial counsel failed to appeal his conviction, despite telling counsel to do so. The court held an evidentiary hearing to determine whether petitioner had, in fact, told his counsel to file an appeal.

2. The court finds that November 18, 1999 is the filing date since that is the time when petitioner delivered the motion to prison officials. *See* FED.R.APP.P. 4(c); *see also Houston v. Lack,* 487 U.S. 266, 274–75, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (adopting the "prisoner mailbox rule" which states that the day a prisoner presents documents to a prison official to be mailed is considered the date such documents were filed).

(7th Cir.1987). Federal Rule of Appellate Procedure 4(a)(6) allows the court to reopen the time to file a notice of appeal if (1) the motion is filed within 180 days of the entry of judgment or within 7 days after learning of the judgment; (2) notice of the judgment is not received by the party within 21 days of the judgment; and (3) no party will be prejudiced. FED. R.APP.P. 4(a)(6). However, courts have held that when prisoners are filing on their own behalf, the details of compliance need not be perfected. *See United States v. Roberts*, 749 F.2d 404, 407 (7th Cir.1984) (holding that, where there is good reason for allowing an extension, there is no need for perfect compliance) (*abrogated on other grounds by Libretti v. United States*, 516 U.S. 29, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995)).

[2] For the present motion, petitioner produced evidence which shows that he did not learn of the court's July 23, 1999 entry of judgment until November 2, 1999. Based upon the record before the court, it appears that petitioner submitted a written request for a letter from the prison mailroom—which would confirm the lateness of his legal mail—on November 16, 1999. Also, it appears from this written request that petitioner made an earlier, oral request for such a letter. On November 17, 1999, petitioner received a letter from the Inmate Systems Manager confirming that the prison failed to get petitioner his legal mail in a timely manner. Petitioner then filed this motion requesting an extension on November 18, 1999. It appears to this court that petitioner acted promptly when he learned of the court's July 23, 1999 judgment. Further, petitioner filed his motion for an extension the day after he received written proof of the delay in receiving his legal mail. The court finds that based on these circumstances—and in light of the fact that petitioner is proceeding pro se—petitioner should be allowed to file his notice of appeal. Accordingly, the court grants petitioner's motion to file his notice of appeal and will consider his request for a certificate of appealability, which was filed on December 8, 1999—fourteen business days after he filed a motion requesting leave to file his notice of appeal.

[3] This court can issue a certificate of appealability only if petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In his motion requesting a certificate of appealability, petitioner argues that (1) the court erred in denying his § 2255 petition as untimely, and (2) petitioner was denied his constitutional right to effective counsel at trial. The court rejects these arguments.

[4] Following a plea of guilty, petitioner was sentenced to 300 months imprisonment on October 26, 1993. Petitioner did not file his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 until January 27, 1999. *See* 28 U.S.C. § 2255 (providing a one-year period of limitations in which to file a § 2255 petition). Although this § 2255 petition was untimely, the court held an evidentiary hearing to determine whether equitable tolling of the one-year statute of limitations would apply. At the hearing, petitioner presented no evidence that warranted equitable tolling of the limitations period. Therefore, the court correctly denied petitioner's § 2255 motion as untimely. Further, because petitioner did not file a timely motion under 28 U.S.C. § 2255, he cannot now assert a claim of ineffective assistance of trial counsel. Thus, petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the court denies petitioner's request for a certificate of appealability.

[5] Finally, petitioner filed a motion requesting a copy of the transcript from the evidentiary hearing held in conjunction with his § 2255 petition. Although the petitioner offers no basis for his request, the court does have the authority to issue an order to the clerk of the court to furnish transcripts to an indigent prisoner.

*See* 28 U.S.C. § 2250; *see also Nelson v. United States,* 22 F.Supp.2d 860, 861 (C.D.Ill.1998) (holding that § 2250 authorizes the provision of necessary transcripts where a petitioner is proceeding *in forma pauperis* on a § 2255 petition). However, in order for this court to grant petitioner's request, petitioner must be indigent and proceeding *in forma pauperis.* 28 U.S.C. § 2250; *see also Nelson,* 22 F.Supp.2d at 861. In this case, petitioner has not sought to proceed *in forma pauperis;* therefore, he is not entitled to the transcripts without first paying the costs. If petitioner wants this court to consider the merits of his motion requesting the transcripts be furnished without costs, then he must first file a proper petition to proceed *in forma pauperis.* If his petition to proceed *in forma pauperis* shows that petitioner is indeed indigent and that petition is granted, the court will then decide the current motion requesting the transcripts. The court will stay the current request for transcripts until April 17, 2000. If petitioner has not filed the proper motion to proceed *in forma pauperis* by then, the court will deny his request.

## CONCLUSION

For the foregoing reasons, the court (1) grants petitioner Derrick Wayne Griffin's motion to file notice of appeal out of time; (2) denies petitioner Derrick Wayne Griffin's request for a certificate of appealability; and (3) stays petitioner's motion requesting transcripts until April 17, 2000 in order to give petitioner an opportunity to petition to proceed *in forma pauperis.*